[4] Likewise in paragraph 7 of the will I find nothing which takes the indebtedness of the hospital out of the operation of the residuary clause. The testator created a trust fund in the sum of $100,000 for the benefit of his wife during her life. The remainder he bequeathed to the New York Red Cross Hospital, provided that, if there should be owing any indebtedness to his estate by the legatee at the time of his wife's death, such indebtedness should first be deducted from the legacy. The testator also provided,. in the event of the lapse of the legacy in favor of the hospital, the testator's children should take. Whether the children take, or whether the hospital take, the indebtedness is a part of the residuary estate, because undisposed of elsewhere. The only difference that arises under the will is that, if the hospital shall take, it is on condition that it concurrently pay whatever indebtedness it owes to testator's estate. Whether or not the hospital take, the residuary estate could collect the indebtedness. The concluding language of paragraph 7 is not a disposition of, and does not affect, the indebtedness, which, as above stated, is a part of the residuary. The express exclusion of the wife's participation in the principal of the $100,000 trust fund cannot be taken to be a manifestation of testator's intention to exclude her from the proceeds of the indebtedness.

In short, I find nothing in the will sufficient to limit the ordinary operation of the residuary gifts. A precedent somewhat analogous on the facts, is Matter of Hammond, supra, as is the case of Anthony v. Van Valkenburgh, 154 App. Div. 380, at page 383, 139 N. Y. Supp. 599, at page 601, where the court, speaking of the remainder interest in a farm, said:

"The fact that a 19-year trust had been carved out of it did not prevent its passing to the residuary estate when the trust was terminated. A general residuary clause, broadly specifying all real and personal property, takes and holds all of the property of the testator which is not legally disposed of through other provisions of the will. Langley v. Westchester Trust Co., 180 N. Y. 326 [73 N. E. 44]; Morton v. Woodbury, 153 N. Y. 243 [47 N. E. 283]. A general residuary clause in a will is created to catch what drops and to pass title to what is not otherwise disposed of, and it is only under the most exceptional circumstances, when the contrary intent is manifest, that it does not perform its function."

The legal representatives of the widow are entitled to a one-third part of both funds. Settle decree accordingly.

---

(86 Misc. Rep. 365)

### In re HOFFMAN'S WILL.

(Surrogate's Court, New York County.    June, 1914.)

WILLS (§ 303*)—EVIDENCE—WEIGHT AND SUFFICIENCY—TESTIMONY OF AT-
        TESTING WITNESSES—IMPEACHMENT.
    Declarations of an attesting witness to a will, contrary to his certificate of attestation and his sworn testimony, are not strong evidence, as countervailing the certificate and sworn testimony; and when such admissions are testified to only by a contestant, they are of trifling weight.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 711–723; Dec. Dig. § 303.*]

---

Application for the probate of the will of Edward Otto Hoffman, the probate being contested. Decree for probate.

Millard & Thornton, of Tarrytown (Hugh A. Thornton, of Tarrytown, of counsel), for proponent.

Thomas G. Prioleau, of New York City, for contestant.

FOWLER, S. The contestants of the probate deny that the paper offered was subscribed by the testator. In other words, they·assert that the subscription is not genuine. But the attesting witnesses are very positive, and I can detect no motive on their part to fabricate evidence.

It is attempted to impeach one of the attesting witnesses by declarations contrary to his certificate of attestation and his sworn testimony. Such admissions are not strong evidence to countervail a certificate of attestation or sworn testimony, and when such admissions are testified to only by a contestant, they are of trifling weight. Matter of Klinzner, 71 Misc. Rep. 635, 636, 130 N. Y. Supp. 1059. Whether declarations of even a deceased attesting witness, contrary to his attestation, are ever competent has been much doubted. In England the rule is settled that they are not competent. Stobart v. Dryden, 5 L. J. Ex. 218, 1 M. & W. 615. Doe v. Ridgway, 4 Barn. & Ald. 52, cited in Matter of Hesdra, 119 N. Y. 615, 23 N. E. 555, to the contrary is not the law of England as assumed in Matter of Hesdra. In Matter of Will of Johnson, 7 Misc. Rep. 220, 27 N. Y. Supp. 649, the declarations of the attesting witness I notice were received, but ignored in the conclusion. The point of evidence was not much discussed.

It seems to me that the ruling in Matter of Hesdra should be confined to the particular facts of that case and never be extended. Assuming that the testator's subscription is genuine in this proceeding, the proof of execution is amply sufficient to entitle the paper propounded to probate. Now, is the subscription genuine? I am satisfied from the evidence that it is, and that the paper was subscribed by the testator in person. The expert called for the contestant gave opinion evidence that the subscription to the paper propounded was not that of testator; but I was not impressed by his testimony, and I prefer to credit that of the attesting witnesses, which is very positive on this point.

The decree will be for probate.